# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

17 State Street  ▪  New York, NY 10004
212.425.9300  ▪  fax 212.425.9337
www.bressler.com

Robert Novack
Principal

Direct: 973-660-4477
rnovack@bressler.com

April 22, 2015

Hon. Richard J. Sullivan, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square – Room 2104
New York, NY 10007

      Re:    **Merrick Bank Corp. v. Chartis Specialty Ins. Co. - No. 12-CIV-7315 (RJS)**
             **Individual Practices Rule 2.A Pre-Motion Letter**

Dear Judge Sullivan:

We write in opposition to Plaintiff Merrick's pre-motion letter for leave to move *in limine* to preclude Defendant Chartis from introducing at trial testimony of its valuation expert, Elliot M. Ogulnick, or in the alternative to disclose a rebuttal expert after discovery has long been closed. We also seek leave for Chartis to file a cross-motion to stay the trial of this action pending the outcome of Merrick's litigation in the District of Utah to recover on its indemnity from JetPay Corp., an indemnity obligation that this Court recently found, in its decision on the parties' cross-motions for summary judgment, "defines and limits the extent of Chartis' liability…". Mem. and Order, at 16 (Mar. 20, 2015) [ECF 64].

**Merrick Offers No Support For Its Proposed Motion *In Limine***

Merrick received Mr. Ogulnick's expert report on Jan. 20, 2014, and informed Chartis on Feb. 12, 2014 that Merrick elected <u>not</u> to take his deposition or to seek any written discovery of him, and also elected not to name a rebuttal expert. Merrick now challenges Mr. Ogulnick's valuation as of Dec. 31, 2013 of the 3,333,333 common shares of JetPay stock held in escrow to secure JetPay's indemnity obligation by merely arguing that the market price and other factors utilized in Mr. Ogulnick's analysis, such as a put option, "fluctuate frequently, if not daily," and that "no meaningful valuation date can be determined while the shares are in escrow." Pltf's Ltr. at 2.

A put option was used in the analysis specifically to counter market fluctuations, and Merrick will have the opportunity to cross examine Mr. Ogulnick at trial. Chartis made clear in its summary judgment opposition that "the value of those [JetPay] shares has fluctuated," Deft's Br. at 24 [ECF 54], and Mr. Ogulnick's report itself, submitted on Chartis' cross-motion, stated that the closing share price varied over the 52-week period preceding the valuation date. Ogulnick Aff., Ex. 1 at p. 2 [ECF 52-1]. Publicly traded securities always fluctuate in price.

Accepting Merrick's argument would essentially prevent any party from ever introducing expert opinion concerning the price of a publicly traded security. Moreover, Mr. Ogulnick's report fully explained the accepted valuation methodologies that were considered but not used, the valuation method that was used, the factors considered, any assumptions that were made, and the calculation of value as of the date selected. *Id.* at pp. 5-9.

BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

Hon. Richard J. Sullivan, U.S.D.J.
April 22, 2015
Page 2

Confronted with the detailed analysis provided by Mr. Ogulnick, and Merrick's failure to pursue any expert discovery, Merrick's conclusory assertion that his opinion "lacks probative value" and is "unfairly prejudicial" is completely unsupported, and fails to "set[] forth a basis for the anticipated motion" as required by the Court's Individual Practices.[1]  Merrick's request to file such a motion should be denied.

**Merrick Should Not Be Permitted To Re-Open Discovery On The Eve Of Trial**

Merrick's alternative request to re-open discovery so that it may name a rebuttal expert should also be denied.  The discovery deadline was March 28, 2014.  Order, Oct. 22, 2013 [ECF 31].  Merrick informed Chartis on Feb. 12, 2014 that Merrick would not depose Mr. Ogulnick or obtain written discovery, and that Merrick would not have an expert of its own.  Indeed, one week later on Feb. 19, 2014, Merrick filed its pre-motion letter stating that "discovery is now complete" and seeking leave to file its summary judgment motion.  Letter, Feb. 19, 2014 [ECF 35].  Now, 40 days before the final pretrial order is due, Chartis would be prejudiced if Merrick submitted new expert opinion.  Chartis should not have to scramble to prepare its case because Merrick purposely chose to forego expert discovery for more than one year.

Merrick made a strategic decision not to pursue expert discovery and instead file its motion for summary judgment.  Following the denial of its motion, Merrick evidently regrets its prior strategic decision not to pursue expert discovery, but that is not a valid basis to re-open discovery more than one year after the deadline has expired.  With a joint pretrial order and other pretrial submissions due on June 1, 2015, and trial set for July 13, 2015, Merrick's request to re-open discovery to name a rebuttal expert should be denied.[2]

**Chartis' Excess Position Based On The "Other Insurance" Clause Warrants A Stay Of The Trial Pending Merrick's Enforcement Of JetPay's Indemnity Obligation**

The Court partially granted Chartis' cross-motion for summary judgment holding that the "Other Insurance" clause contained in Section 10 of the Policy was "unambiguous as a matter of law" and that "Chartis's liability under the Policy – if any – is only in excess of that amount recoverable by Merrick pursuant to its indemnity rights against third parties."  Mem. and Order, at p. 17.  The Court held that "[t]he Other Insurance Clause defines and limits the extent of Chartis' liability...," and that Chartis' liability is "only in excess of the 'the amount recoverable from ... other insurance or indemnity.'" *Id.* at 16 (emphasis supplied).  Because Chartis is in an excess position to the indemnity obligations owed to Merrick by third parties and Merrick is in the process of enforcing its indemnity rights against JetPay in Utah, it is premature to determine what liability Chartis may have under the Policy until those indemnity obligations owed to Merrick, including the amounts "recoverable," are determined.  *See, e.g., Ali v. Fed. Ins. Co., et al.*, 719 F.3d 83, 90 (2d Cir. 2013) (policy terms established "clear condition precedent to the attachment of the Excess Policies,")(citation omitted); *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins.*

---

[1] Far from Merrick's sheer speculation that "JetPay could go bankrupt," JetPay's recent public filing on Form 10-K for 2014 discloses increased assets, revenues, gross profit, market capitalization and enterprise value, and decreased debt, from the December 2013 valuation, as well as equity financing of more than $10M by sophisticated investors and the purchase of shares of JetPay common stock for $1M by JetPay's Chairman and CEO Bipin Shah.  *See* http://www.sec.gov/Archives/edgar/data/1507986/000114420415018259/v404809_10k.htm.

[2] Chartis should be permitted to submit an updated/supplemental valuation due to the passage of more than a year since its expert report and the accumulation of more than a year's worth of additional financial data on JetPay.

BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

Hon. Richard J. Sullivan, U.S.D.J.
April 22, 2015
Page 3

*Co.*, 303 F.3d 419, 429 (2d Cir. 2002) (excess insurer required to provide coverage "only when the primary insurance has been fully exhausted").

In the pre-motion conference on summary judgment, the Court recognized the position that Chartis would hold, if, as it ultimately found, Chartis liability was circumscribed by the "Other Insurance" clause:

> THE COURT: …then Section 10, what you are saying is, until the dust clears on Jet Pay, you are not liable for a dime. That is what you are saying?
> MR. NOVACK: I think what I am saying is that we would be excess to what is recoverable and that might happen by the events of the other litigation, yes.
> THE COURT: So what does that mean, that there is no standing here or that we stay these proceedings pending what happens in the Jet Pay case?
> MR. NOVACK: One of the things we hope to address in the cross-motions is that if we are unsuccessful on the DOT regulations argument, which would wipe out the claim entirely, that we get a declaration, that Section 10 requires them to exhaust their other indemnity claims which they have now launched.

Tr. 16:25 to 17:14 (March 21, 2014) [ECF No. 38].

Merrick is actively pursuing its indemnity rights against JetPay in *JetPay Merchant Services, LLC v Merrick Bank Corp.*, No. 2:14-cv-149-RJS (D. Utah). There, Merrick recently filed a brief in opposition to JetPay's motion to extend discovery, stating:

> JetPay has a clear indemnification obligation to Merrick … and Merrick is entitled to a finding requiring JetPay to fulfill its obligations. The recent decision in *Merrick Bank Corp, v. Chartis Specialty Insurance Corp.* (S.D.N.Y.) … does not lessen JetPay's indemnification obligation. In fact, the *Merrick v. Chartis* decision emphasizes that JetPay is the primary source Merrick must look to in order to recover the chargeback losses it has sustained.

Merrick Opp. to Plaintiff's Motion to Extend …, filed 4/13/15 [Doc. 108] (emphasis supplied).

In light of Merrick's pursuit of its indemnity rights, and its acknowledgment that the JetPay indemnity is the "primary source" of recovery, Chartis stands in the position of an excess insurer, whose liability does not attach until the underlying obligations are resolved.[3] Accordingly, Chartis seeks leave to cross-move to stay the trial herein pending the outcome of Merrick's enforcement of its indemnity rights against JetPay.

Respectfully submitted,

/s/ Robert Novack
        Robert Novack
   cc:  Daniel G. Gurfein, Esq. (via e-mail)

2568782

---

[3] To determine what is "recoverable" from the JetPay indemnity would otherwise require a trial within a trial in this action, when it is already being litigated to decision in the District of Utah action.