UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-7-15
```

MERRICK BANK CORP.,

          Plaintiff,

-v-

CHARTIS SPECIALTY INSURANCE CO.,

          Defendant.

No. 12-cv-7315 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a pre-motion letter from Plaintiff, dated June 4, 2015, seeking leave to file a motion to amend the complaint to add a claim for contract reformation. (Doc. No. 71 ("PML").) The Court is also in receipt of a letter from Defendant, dated June 9, 2015, opposing leave on the grounds that (1) allowing a claim for contract reformation at this stage would constitute an improper second bite at the apple after the Court's partial grant of Defendant's summary judgment motion, (2) the motion would be futile, and (3) the request is barred by virtue of Plaintiff's undue delay and would prejudice Defendant. (Doc. No. 72 ("Opp'n").) For the reasons set forth below, Plaintiff's motion is deemed made and denied.

## I. DISCUSSION

    On March 20, 2015, the Court denied Plaintiff's motion for summary judgment, and granted in part and denied in part Defendant's motion for summary judgment. (Doc. No. 64 ("Summary Judgment Order").) Relevant to the instant request, the Court granted summary judgment in favor of Defendant to the extent that the "Other Insurance" provision of the parties' contract limits Defendant's liability to amounts in excess of payments from other sources of indemnity available to Plaintiff – including indemnification obligations owed by independent sales organizations ("ISOs") that worked with Plaintiff. (Id. at 15–17.) The Court reasoned that such a reading of the "Other Insurance" provision in

no way nullified the contract's subrogation clause, which limits Defendant's ability to assert subrogation rights against ISOs to circumstances in which the ISOs engage in fraud. (*Id.*) Notwithstanding the plain meaning of the language set forth in the contract (*see* Summary Judgment Order at 16–17 (finding that the Other Insurance clause "has a definite and precise meaning, such that there is no reasonable basis for a difference of opinion as to its interpretation," and rejecting resort to extrinsic evidence on that basis (internal quotation marks omitted))), Plaintiff now claims that the Court's holding "fails to effectuate [the parties'] agreement" because the parties *intended*, in entering the contract, for Defendant to "provide coverage without regard to [Plaintiff's] indemnification rights against its ISO" in the absence of fraud. (PML at 1–2.)

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should "freely give leave [to amend] when justice so requires," and should "deny a motion to amend only for good reasons, such as undue delay, bad faith or dilatory motive on the part of the movant . . . , undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014). Here, Plaintiff's motion must fail on grounds of both futility and undue delay and prejudice.

### A. Futility

Although an assertion of futility is normally assessed under the standard for a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), where the motion to amend is made at a late stage and the Court "has the full evidentiary record at its disposal, a summary judgment standard will be applied." *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 404 (S.D.N.Y. 2014).

Here, Plaintiff seeks to amend the complaint in order to assert a contract reformation claim based on mutual mistake. "A written agreement may be reformed for mutual mistake where 'the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement.'"

*Ebasco Constructors, Inc. v. Aetna Ins. Co.*, 692 N.Y.S.2d 295, 298 (N.Y. App. Div. 1999) (quoting *Chimart Associates v. Paul*, 66 N.Y.2d 570, 573 (1986)); *see also Paraco Gas Corp. v. Travelers Cas. & Sur. Co. of Am.*, 51 F. Supp. 3d 379, 390 (S.D.N.Y. 2014) ("New York law permits reformation of a contract due to mutual mistake where the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement such as when an inadvertent secretary's error fails to reflect the actual agreement of the parties." (alteration and internal quotation marks omitted)). "The law establishes a heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties, and a correspondingly high order of evidence is required to overcome that presumption." *Paraco Gas*, 51 F. Supp. 3d at 390-91 (internal quotation marks omitted). Thus, because there is a risk that "a disadvantaged party, having agreed to a written contract that turns out to be disadvantageous, will falsely claim the existence of a different, oral contract, the proponent of reformation must demonstrate in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties." *Winmar Co. v. Teachers Ins. & Annuity Ass'n of Am.*, 870 F. Supp. 524, 535 (S.D.N.Y. 1994) (citation and internal quotation marks omitted).

Crucially, "a mutual mistake must be as to a fact, and not as to the legal consequences of the contract into which the parties are entering." *Cobalt Multifamily Investors I, LLC v. Bridge Capital (USVI), LLC*, No. 06-cv-5738 (KMW) (MHD), 2007 WL 2584926, at *9 (S.D.N.Y. Sept. 7, 2007). As Judge Rakoff noted when faced with an argument similar to the one advanced here:

> [The plaintiff] has not identified any language, term, phrase, or clause that was inadvertently omitted . . . nor has it alleged any mistaken understanding as to any fact that was material to the negotiation or drafting of the EBA. Instead, [the plaintiff] merely contends that the language that the parties mutually agreed to in the EBA 'is at variance with the parties' intent, belief and agreement.' In other words, [the plaintiff] claims that it misunderstood the *legal effect of the EBA's language*. In such circumstances, reformation is not available.

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 607 F. Supp. 2d 600, 604 (S.D.N.Y. 2009) (emphasis added).

3

Plaintiff has simply not met its high burden of demonstrating mutual mistake, and in fact has put forth *no* evidence of mutual mistake. Nowhere does Plaintiff assert that the parties orally agreed to a contract that excluded the phrase "or indemnity" – the meaning of which forms the key dispute at issue here. Nor does it appear Plaintiff could, given the lack of any evidence of such agreement and the fact that evidence submitted in conjunction with the parties' summary judgment motions indicates that many of the contract's terms were negotiated and that the contract went back and forth between the parties. (*See* Doc. No. 56, Ex. 54.) Rather, Plaintiff appears to assert that the parties "*misunderstood the legal effect*" of that phrase and its interaction with the subrogation provision. *Compania Embotelladora Del Pacifico*, 607 F. Supp. 2d at 604 (emphasis added). This is, of course, no basis for reformation, and amendment of the sort contemplated by Plaintiff would thus be futile.

B. Undue Delay and Prejudice

In any event, Plaintiff's motion must also be denied on grounds of undue delay and the prejudice it would cause Defendant. "The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). In its amended answer, filed on April 9, 2013, Defendant asserted its defense that the indemnification-related provision of the contract limited any liability to the amount in excess of indemnification obligations owed by third parties. (Doc. No. 18.) If Plaintiff believed there was a mutual mistake as to this provision of the contract, it could have filed a motion to amend the complaint at *that* point, instead of waiting more than *two years* – *after* the Court's Summary Judgment Order – to make such a request. There is simply no reason for the delay. At the very least, Plaintiff was on notice as of April 2013 that Defendant disagreed as to the *meaning* of the contract (notwithstanding the fact that, as noted above, such a disagreement as to language's meaning does not amount to a "mistake"). Moreover, although Plaintiff asserts that Defendant would not be prejudiced if the Court granted leave to amend, this is plainly

4

untrue. The parties obviously incurred a great deal of expense briefing cross-motions for summary judgment – motions that could have included Plaintiff's reformation claim if Plaintiff had amended the complaint earlier. Indeed, there is a high likelihood that Defendant would seek to file a *new* motion for summary judgment if Plaintiff were permitted to amend the complaint at this late stage, further delaying this litigation and leading to substantial additional expenses. Additionally, although Plaintiff believes that *it* would not need any more discovery on the reformation issue (PML at 2), Defendant disagrees, and contends that more discovery would be necessary, delaying the resolution of this case even more and adding additional expense (Opp'n at 3). The Court agrees, and finds that Defendant would be prejudiced by Plaintiff's substantial and inexcusable delay in bringing this request to amend the complaint so late in these proceedings.

## II. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion to amend the complaint is deemed made and DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 71.

SO ORDERED.

Dated:   July 7, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE